UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Debra Toner,<br><br>            Plaintiff,<br><br>v.<br><br>First Magnus Financial Corporation; Citibank, N.A.; Clear Recon Corp.; Pite Duncan; Tammy Laird; Hamsa Uchi; Jay Bray; "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described"; and Does 1-25 inclusive,<br><br>            Defendants. | Case No. 14cv1884 AJB (BLM)<br><br>ORDER DISMISSING CERTAIN DEFENDANTS, DENYING AS MOOT MOTION TO DISMISS, AND DENYING MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>(Doc. Nos. 9, 17) |

Before the Court is a motion to dismiss (Doc. No. 9) and a motion for leave to amend the complaint (Doc. No. 17). The motion to dismiss is brought by Defendants Clear Recon Corp., Pite Duncan, LLP, Tammy Laird, and Hamsa Uchi. The motion to amend is brought by Plaintiff Debra Toner ("Plaintiff").

**I.    Background**

On August 12, 2014, Plaintiff filed the present action, asserting (1) the filing of false and forged documents, and (2) civil extortion. (Compl. 7, 16, Doc. No. 1.) The day after the filing, this Court issued an order to show cause regarding jurisdiction. *See United Investors*

*Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (noting that a Court has a duty to evaluate subject-matter jurisdiction sua sponte); (Order Show Cause 1, Doc. No. 3). In the Order, the Court identified several deficiencies in the complaint, such as it being captioned for San Diego County Superior Court, and the Court specifically emphasized that the face of the complaint did not establish a basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (requiring a complaint to include "a short and plain statement of the grounds for the court's jurisdiction"). The Court noted that no federal questions were presented and that it was not alleged that there was a diversity of citizenship. (Order Show Cause 1.) The Court then set forth various legal standards for federal jurisdiction, identified that it has a duty to police its own subject-matter jurisdiction, and granted Plaintiff more than seven weeks to provide further information about the subject-matter jurisdiction. (*Id.* at 2.)

Plaintiff then requested court approval of a notice of pendency of action. (App. & Not. Pendency, Doc. No. 7.) The Court denied the request, restated what was required by the order to show cause, and reiterated that the "Court's jurisdiction over the entirety of this action is still in doubt." (Order Den. Approval 1-2, Doc. No. 8.) Soon thereafter, several defendants moved to dismiss. (Mot. Dismiss, Doc. No. 9.)

On September 24, 2014, Plaintiff timely responded to the order to show cause. (Pl.'s Resp., Doc. No. 13.) Her response identified supplemental and diversity jurisdiction as the jurisdictional bases for her complaint. *See* 28 U.S.C. §§ 1332, 1367, 1441(b); (Pl.'s Resp. ¶¶ 5, 8, 10). She also noted that Defendant First Magnus Financial Corporation ("First Magnus") was incorporated in Arizona, that Defendant Jay Bray ("Bray") "resides to the best of Plaintiff's knowledge" in Texas, and that the amount in controversy exceeds $75,000 based on the value of the property. (*Id.* ¶¶ 9-10.) Finally, she noted that she would later move to amend to "correct further errors brought to her attention." (*Id.* ¶ 12.)

Since that time, Plaintiff moved for leave to amend the complaint. (Mot. Am. Compl., Doc. No. 17.) The moving papers contain boilerplate assertions and law, but little information about what, exactly, Plaintiff's proposed amended complaint would contain. The most specific part of the motion provides that "Plaintiff desires to amend the complaint to

change and/or add additional causes of action, to add counts for breach of contract and alternative tort claims for misrepresentation and negligence." (*Id.* ¶ 8.) Plaintiff also contended that amendment is not futile "in light of recent discovery from [] Defendants and the procedures used to authenticate documents and other issues concerning RICO violations." (*Id.* ¶ 14.)

## II. Discussion

### A. Jurisdiction

The Court provided Plaintiff with ample time to allege information about jurisdiction and issued multiple orders discussing its doubts about jurisdiction. (Order Show Cause 1; Order Den. Approval 1-2.) Even so, Plaintiff's response failed to satisfy this Court that it has the power to adjudicate this matter. As discussed previously, the complaint does not include federal questions and, although Plaintiff's response included information about the amount in controversy, Plaintiff failed to discuss the citizenship of most parties in this action. Instead, she discussed only First Magnus and Bray. Regarding Bray, she discussed where he is believed to reside, which is distinct from domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residency does not determine citizenship for diversity jurisdiction purposes. *Id.* (describing a party's discussion of residency instead of citizenship as a "serious pleading defect"). The Court is aware that pleadings may be amended to show jurisdiction, *see* 28 U.S.C. § 1653, but Plaintiff failed to successfully allege the Court's jurisdiction, even after being provided with the opportunity to do so.[1] In light of all of this, the Court dismisses all named defendants except First Magnus. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.).

///

///

---

[1] Notably, Plaintiff's motion to amend does not contemplate that the proposed amendment would include additional information regarding the jurisdictional basis for this action.

### B.     Motion to Dismiss

Dismissing several parties also effects the resolution of the motion to dismiss. Each Defendant moving to dismiss through the present motion is properly dismissed from this action. As such, the Court denies the pending motion to dismiss as moot.

### C.     Motion for Leave to Amend

As for the motion for leave to amend the complaint, the Court denies it without prejudice. Rule 15 prescribes that leave be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a) (2), and the policy to grant leave to amend is applied with liberality. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Even so, such amendment is unwarranted here. The dearth of information provided by Plaintiff's motion to amend renders the Court wholly unable to evaluate whether the amendment would "cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.1999)); *see also* Fed. R. Civ. P. 7(b) (providing that a motion state its grounds "with particularity"). Thus, the motion is denied. Should Plaintiff pursue amendment, she must include a version of her proposed amended complaint as an attachment so the Court and any party opposing amendment are able to discuss and evaluate the proposal. The Court notes, however, that Plaintiff's failed attempt to file an amended complaint without leave of the Court continues to raise questions of jurisdiction, just as the motion to dismiss raised questions regarding standing.

///

///

///

///

///

///

## III.  Conclusion

Accordingly, for the reasons set forth above, the Court **DISMISSES** all named Defendants except First Magnus, **DENIES AS MOOT** the pending motion to dismiss (Doc No. 9), and **DENIES WITHOUT PREJUDICE** the pending motion to amend (Doc. No. 17).

**IT IS SO ORDERED.**

DATED:  October 23, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge